APPOLO DEVELOPMENT, INC., Appellant,

v.

CITY OF GARLAND, Texas, Appellee.

No. 17754.

Court of Civil Appeals of Texas, Dallas.

Jan. 21, 1972.

Rehearing Denied Feb. 17, 1972.

**366**

Wyatt W. Lipscomb, Garland, for appellant.

Robert E. Young, Garland, for appellee.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, amici curiae.

BATEMAN, Justice.

Appellant sought a declaratory judgment that the City Council of appellee had validly granted appellant's request for such commercial zoning of its real property as would permit the use of same as a park for mobile homes, and appeals from an adverse judgment.

In the year 1962 appellee adopted Ordinance No. 1011, being a comprehensive zoning ordinance. At that time appellant's property in question was not in the appellee city but was annexed by the city in 1969. In 1970 appellant applied for permanent zoning, and the City Council by a majority of five to four voted to grant the request. Objections, sufficient to invoke Article 1011e * if applicable, were filed by the owners of adjacent land. On advice of the city attorney that Article 1011e did apply, and since the request was not favored by as many as three-fourths of the nine-member council, the request was denied. The trial court upheld this ruling.

The statutes empowering cities to regulate the use of property within their boundaries, and setting out the procedure therefor and for the enforcement of the relevant ordinances are Articles 1011a to 1011j, inclusive. Article 1011d is as follows:

"The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least 15 days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality."

Such requirements of notice and hearing were met with respect to appellant's request for commercial zoning.

Section 5 of Ordinance No. 1011 provides in part:

"A. All territory hereafter annexed to the City of Garland shall be temporarily classified as A, Agricultural District,

* All Articles mentioned in the opinion are from Vernon's Tex.Rev.Civ.Stat.Ann. (1963).

until permanent zoning is established by the City Council of the City of Garland. The procedure for establishing permanent zoning on annexed territory shall conform to the procedure established by law for the adoption of original zoning regulations."

The appellee takes the position, and the trial court in effect found, that Section 5 of Ordinance 1011 has the effect of automatically zoning all newly annexed property as an Agricultural district and that the property was already zoned as such when appellant's request for commercial zoning was made, and that the request, therefore, was for an amendment or change of the zoning, requiring a favorable vote of three-fourths of the council under the provisions of Article 1011e, which reads as follows:

"Such regulations, restrictions, and boundaries may from time to time be amended, supplemented, changed, modified, or repealed. In case, however, of a protest against such change, signed by the owners of 20 per cent or more either of the area of the lots included in such proposed change, or of those immediately adjacent in the rear thereof extending 200 feet therefrom, or of those directly opposite thereto extending 200 feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of such municipality. The provisions of the previous section relative to public hearing and official notice shall apply equally to all changes or amendments."

■ The adoption by appellee in 1962 of the comprehensive zoning ordinance cannot be said to have created zoning restrictions on appellant's land in question because it was not then in the city and its then owner or owners were not bound by the notice and hearing in connection therewith. Moreover, no one knew at that time

whether the property in question would ever be annexed. Section 5 of the ordinance clearly applies only to property which might in future be annexed to the city. Its obvious purpose was, as stated in City of Dallas v. Meserole, 155 S.W.2d 1019, 1022 (Tex.Civ.App., Dallas 1941, writ ref'd w. m.), "to maintain the status quo of such annexed territory and enable the City Council to gather data and information to be used as a basis for granting or refusing permits for construction, use and occupancy of buildings or structures in such territory, pending the permanent zoning thereof."

■ We do not believe it was intended that Section 5 of Ordinance 1011 should have the effect of so zoning all property thereafter annexed that no owner of newly annexed property could apply for permanent zoning without placing himself under the burden of obtaining a favorable vote of three-fourths of the members of the City Council if a protest were made by adjacent property owners described in Article 1011e.

■ When this property was annexed in 1969, approximately seven years after enactment of Ordinance 1011, no effort was made to comply with the requirements of Article 1011d with respect to notice and hearing pertaining to zoning. Even if the notice and hearing with respect to annexation could be construed as an attempt to comply with Article 1011d, it would nevertheless fail for two reasons; viz., (1) zoning is not even mentioned either in the notice of the annexation hearing or in the minutes of that hearing or in the annexation ordinance itself; and (2) the notice was published for only 11 days, not for 15 days.

■ These requirements of the statute must be complied with in detail and each must be rigidly performed. They are necessary to the validity of all zoning ordinances, whether amendatory, temporary or emergency. Bolton v. Sparks, 362 S.W.2d 946, 950 (Tex.Sup.1962).

**368**

We hold that because of appellee's failure to observe the express, mandatory provisions of Article 1011d with respect to zoning the property in question at any time prior to appellant's request for zoning, the approval of such request by a majority vote was all that was required.

The judgment appealed from is accordingly reversed, and judgment is here rendered declaring that the application of Appolo Development, Inc. for the zoning of its land consisting of 34.47 acres abutting on Appolo Road and lying 815 feet north of Brand Road, in the City of Garland, Dallas County, Texas, as CB (Commercial District) with specific use permit for use as a mobile home park, was lawfully granted by the City Council of Garland, Texas, at its meeting of December 15, 1970, subject to the rules and regulations of the City of Garland, Texas, pertaining to mobile home parks.

Reversed and rendered.